The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WILLIAM ANDERSON,<br><br>               Plaintiff,<br>      v.<br><br>THE BASEBALL CLUB OF SEATTLE d/b/a/ THE SEATTLE MARINERS; THE CITY OF SEATTLE; JASON WEAVING; LARRY HARVEY; LARRY MEYER; OFFICER TIMOTHY RENIHAN; TRENT BERGMAN; OFFICER DAVID SULLIVAN; OFFICER JUAN ORNELAS; and JOHN DOE NOS. 1-10,<br>               Defendants. | NO.  C09-0850 RAJ<br><br>**MOTION TO QUASH SUBPOENA SERVED UPON SEATTLE CITY COUNCIL PRESIDENT RICHARD CONLIN**<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, OCTOBER 8, 2010** |

## I.  INTRODUCTION AND RELIEF REQUESTED

The plaintiff, who has filed a lawsuit concerning the law enforcement decisions of a handful of off-duty police officers, has served a subpoena on Seattle City Council President Richard Conlin.  The questions that the plaintiff seeks to ask Councilmember Conlin cannot lead to admissible evidence.  Moreover, before a plaintiff can depose a high-ranking city official, the plaintiff must demonstrate that the official has unique personal knowledge of material facts.  The plaintiff cannot meet that burden, and the City Defendants[1] ask this Court to quash the subpoena.

---

[1] The City Defendants include the City of Seattle and Defendants Renihan, Bergmann, Meyer, Ornelas, and Sullivan.

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 1

C09-0850 RAJ
3019-030590  600458x



STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## II. BACKGROUND FACTS

This case primarily concerns the enforcement of a Seattle Municipal Code ordinance that restricts certain sales activity in downtown Seattle: SMC 15.17.010.[2] The ordinance prohibits mobile vending within certain specified areas, including the area immediately surrounding Safeco Field. SMC 15.17.020.[3] Specifically, the ordinance provides:

> it is unlawful for any person . . . to sell, offer for sale, solicit orders, rent, lease, or otherwise peddle from a public place while walking, moving from place to place, using a mobile cart, using a vehicle, or by any other mobile method[.]

Seattle Municipal Code ("SMC") 15.17.010(1). The plaintiff does not dispute that he has, at all relevant times, been a seller of baseball tickets on foot in the areas immediately surrounding Safeco Field.[4] Not surprisingly, he has been cited numerous times for violating the ordinance.[5] Because he is a repeat offender, he has also been subject to criminal citation and prosecution for some of these violations.[6]

Seattle police officers issued the citations for plaintiff's ordinance violations.[7] While they were working off-duty at the time, their enforcement activity constitutes law enforcement activity precisely as if they were on-duty. The city authorizes its police officers to be secondarily employed in law enforcement roles by private entities when

---

[2] *See* Dkt. #2 (Amended Complaint), *passim.*

[3] There is no dispute in this case that each of the allegations described in the plaintiff's amended complaint took place within the proscribed boundaries.

[4] Exhibit 1 to Declaration of Ted Buck in Support of Motion to Quash (Excerpts for Answers to Requests for Admission).

[5] *See* Dkt. #2 (Amended Complaint) at ¶¶3.5, 3.17, 3.25, 3.46.

[6] *Id.*

[7] Exhibit 2 to Buck Declaration (Incident Reports of Officers Renihan, Bergmann, and Meyer; citation issued to Anderson by Officer Ornelas).

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 2

C09-0850 RAJ
3019-030590 600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

off-duty.[8] Each of the defendant officers has worked for the Baseball Club of Seattle ("Mariners"), patrolling the areas immediately surrounding Safeco Field on game days. All but one of the defendant officers[9] has enforced the mobile vending ordinance against the plaintiff.

The plaintiff has sued each of the defendant officers, the City, the Mariners, and a Mariners employee named Larry Harvey under 42 U.S.C. § 1983.[10] Specifically, he alleges that the defendant officers have selectively enforced the ordinance against him because they perceive him to be a competitor with the Mariners for ticket revenue. The plaintiff also alleges, based on a misreading of the Seattle Municipal Code,[11] that the defendant officers do not have the authority to enforce the ordinance in question. The defendant officers deny selectively enforcing the ordinance and the city has denied having any policy that would have authorized the unconstitutional selective enforcement of the ordinance.[12] The plaintiff has not challenged the constitutionality of the mobile vending ordinance itself, only the manner in which it has been enforced against him.[13]

---

[8] Exhibit 3 to Buck Declaration (SPD Secondary Employment Policy).

[9] There is no evidence that Defendant Officer Sullivan has ever enforced the mobile vending ordinance against the plaintiff.

[10] *See* Dkt. #2.

[11] The plaintiff claims that only the Seattle Department of Transportation can enforce Title 15 of the Seattle Municipal Code. The plaintiff is incorrect. *See* SMC 12A.02.140(B) (peace officer may make arrest if the officer "has probable cause to believe that such person has committed a crime."); SMC 15.90.020 (violation of Title 15 constitutes gross misdemeanor); SMC 15.90.004A (authorizing the director of the Seattle Department of Transportation is authorized to enforce Title 15); SMC 15.02.110 (clarifying that no grant of authority in Title 15 can operate to "limit any other authority granted to City officials by other ordinances or laws"); *see also* Charter of the City of Seattle Art. VI, §5(2) ("The Chief of Police or any police officer may make arrests for any crime or violation of the laws of the state or any ordinance of the City committed within the City.").

[12] *See* Dkt. #8 (Answer of City), Dkt. #34 (Answer of Defendant Officers).

[13] *See* Dkt. #2.

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 3

C09-0850 RAJ
3019-030590 600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Discovery in this case has been extensive.[14] The plaintiff has deposed five officers who worked off-duty for the Mariners, four of whom are defendants in this case. He has taken two Rule 30(b)(6) of City designees.[15] He has also deposed Larry Harvey, a Mariners employee who coordinates the off-duty officer security program.[16] The plaintiff made one pre-litigation public disclosure request and one in-litigation public disclosure request.[17] He has served six sets of requests for production on the City, a set on Detective Bergmann, another set on Detective Renihan, another set on Detective Meyer, three sets on the Mariners, and a set on Defendant Harvey.[18] He has served interrogatories on the City, Detective Bergmann, the Mariners, and Harvey.[19] The discovery cutoff in this case is September 20, 2010.

On August 19, 2010, the plaintiff told counsel for the City defendants that he wanted to depose Seattle City Council President Richard Conlin.[20] When asked what testimony a councilmember could provide that might lead to admissible evidence, the plaintiff's attorney responded only: "city policy."[21] When asked to clarify, he asserted:

> "the council is clearly a monell policymaker, its awareness of and acquiescence in city employee conduct is evidence of city policy, and mr. conlin's statements in the newspaper indicate he and other councilmembers were aware of the mariners/spd use of the [mobile vending] ordinances against ticketsellers."[22]

---

[14] *See* Buck Declaration at ¶2.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *See* Exhibit 4 to Buck Declaration (emails among counsel re: Conlin deposition).
[21] *Id.*
[22] *Id.*

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 4

C09-0850 RAJ
3019-030590 600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

After counsel for the City Defendants pointed out that Mr. Conlin could not speak to legislative intent by law and had no connection to the executive branch, the plaintiff changed his stated interest in deposing Mr. Conlin; "I don't intend to ask him questions about legislative intent, just legislative awareness." Counsel for the City Defendants responded:

> Your client's experiences with the city have involved solely the executive branch. While you suggest that the council "is clearly a Monell policymaker," council policy need not be discovered by deposition; such policies are embodied in the Seattle Municipal Code. Any policy associated with the enforcement of municipal code, on the other hand, derives exclusively from the executive branch. Clearly Mr. Conlin cannot address executive branch policy.[23]

Counsel for the City Defendants also explained that, under Washington law, a deposition of a legislator cannot be used to prove the intent of a specific piece of legislation.[24] Finally, counsel explained that Councilmember Conlin was immune from deposition because he is a high-ranking City official with no direct material knowledge:

> Councilman Conlin has no direct knowledge concerning any of the practices at issue in this suit. Any rumors he may have heard about enforcement practices cannot possibly shed light on Monell liability.[25]

Nonetheless, the plaintiff served a subpoena for Councilmember Conlin on September 13, 2010.[26] The deposition is set for September 20, 2010. Counsel for the City Defendants attempted to resolve this issue without the need for involvement by this Court, but the parties were unable to reach agreement.[27] This motion follows.

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] Declaration of Ted Buck at ¶3.

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 5

C09-0850 RAJ
3019-030590 600458x



STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

### III. EVIDENCE RELIED UPON

The City Defendants rely upon the Declaration of Ted Buck and the documents and pleadings on file herein.

### IV. AUTHORITY AND ARGUMENT

Parties may obtain discovery of information only if that information is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. ("Rule") 26(b)(1). Moreover, a court "must limit" the extent of discovery otherwise allowed if "the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2)(C)(iii). In deciding whether the burden outweighs the likely benefit, the court must consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.*

**A. The Proposed Deposition is Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence and is Unduly Burdensome.**

    **1. Councilmember Conlin is not, alone, a policymaker for the purposes of municipal liability, and he cannot provide admissible testimony as to the intent of the Council as a whole.**

Congress intended to hold municipalities liable under § 1983 only when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (citing *Monell v. Department of Social Serv. of N.Y.*, 436 U.S. 658, 691 (1968)). The "official policy" requirement "was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality," and "thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 6

C09-0850 RAJ
3019-030590 600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

A plaintiff can prove municipal liability in one of three ways:

First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.  Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy.  Whether a particular official has final policy-making authority is a question of state law.  Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

*Gillette v. Delmore*, 979 F.2d 1342, 1346-1347 (9th Cir. 1992) (citations and internal quotation marks omitted); *see also Christie*, 176 F.3d at 1239 (same).

The plaintiff seeks to depose Councilmember Conlin on the assumption that the City Council is a relevant policymaker in this case.  But all of the plaintiff's allegations are directed at the actions of the executive branch, and specifically police officers and the police department.  That is, the plaintiff has challenged only law enforcement decisions, not legislative actions.

The Council has no power to make law enforcement decisions.  The management of the Seattle Police Department is assigned to the Chief of Police.  Charter of the City of Seattle ("Charter") Art. VI, § 4 ("The Chief of Police shall manage the Police Department").  The Chief "shall be responsible *to the Mayor* for the administration of the Police Department and the enforcement of law."  *Id.* (emphasis added).  Only the Mayor may remove the Chief from office.  *Id.* at §2.  The Council does not make any policy relevant to the enforcement issues the plaintiff challenges.

Even if the Council had the authority to manage the City's Police Department, a single councilmember cannot be a final policymaker for *Monell* purposes.  An individual councilmember has no power to act alone.  The Council can act only by enacting

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 7

C09-0850 RAJ
3019-030590  600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

ordinances, and an individual councilmember cannot alone enact an ordinance. Charter Art. IV, §3 ("A quorum shall consist of a majority of all nine Councilmembers"); *Id.* at Art. IV, §7 ("Every legislative act of said City shall be by ordinance."); *Id.* at Art. IV, §14 ("The City Council shall have power by ordinance <u>and not otherwise</u> …. To lay out and improve streets and other public places, and to regulate and control the use thereof") (emphasis added). In other words, the only "policy" made by the City Council is the policy embodied by the ordinances of the Seattle Municipal Code. No deposition is necessary to discover that policy.

Nor can Councilmember Conlin provide any admissible evidence with regard to the *intent* of the City Council in enacting any ordinance. *See Cycle Barn, Inc. v. Arctic Cat Sales Inc.*, 701 F.Supp.2d 1197, 1203 (W.D. Wash. March 24, 2010) (declarations of legislators are inadmissible to prove legislative intent under Washington law) (citing *City of Yakima v. Int'l Ass'n of Fire Fighters*, 117 Wn.2d 655, 677, 818 P.2d 1076 (1991); *see also Woodson v. State*, 95 Wn.2d 257, 623 P.2d 683 (1980) ("Legislative intent in passing a statute cannot be shown by depositions and affidavits of individual state legislators"). The requested deposition is not reasonably calculated to lead to the discovery of admissible evidence.

**2. High-ranking officials such as Councilmember Conlin cannot be deposed unless they have direct knowledge that is unavailable through means less intrusive than a deposition.**

High-ranking government officials are normally not subject to deposition. *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir.1979). Such depositions are improper where the official is removed from the subject of the litigation and lacks "unique personal knowledge of the facts at issue". *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. 05-04374, 2007 WL 205067 (N.D.Cal. 2007). This is especially true where the

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 8

C09-0850 RAJ
3019-030590 600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

information sought is available from "lower-level employees with more direct knowledge" of those facts.  *Id.*; *see also Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir.1979) (agency heads not normally subject to deposition); *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D.Wis.1994)("In general, high ranking government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge.  The immunity is warranted because such officials must be allowed the freedom to perform their tasks without the constant interference of the discovery process"); *Nagle v. Superior Court*, 28 Cal.App.4th 1465, 34 Cal.Rptr.2d 281 (1994) (high ranking officials were not subject to deposition where plaintiff made no showing that either director had personal knowledge of matter at issue or that information could not be obtained through less burdensome means).

Councilmember Conlin is the President of the City Council.  He is a high-ranking official.  There is no reason to believe that he has any "unique personal knowledge" as to any material fact in this case.  There is no evidence he was present for any of the alleged incidents; he did not speak with any of the defendant officers or their supervisors.  There is thus no evidence to suggest that he was or could have been involved in any of the relevant law enforcement decisions.

The only connection that the plaintiff has alleged between Councilmember Conlin and this case is the fact that a reporter spoke to the councilmember, in 2005, about some of the practices at issue in this case.[28]  In an article written by that reporter, Councilmember Conlin opines as to the intent of the ordinance in question – something he will not be allowed to do at trial or on summary judgment.  *See Cycle Barn*, 701 F.Supp.2d at 1203.  Thus, plaintiff has failed to demonstrate that he has unique and admissible personal knowledge as to the material facts of the case.

---

[28] *See* http://seattletimes.nwsource.com/html/localnews/2002287919_vending25m.html.

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 9

C09-0850 RAJ
3019-030590 600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Thus, the general rule barring depositions of high ranking officials applies. As was explained to the plaintiff, that rule makes good sense:

> If a councilman could be deposed under these tenuous circumstances, virtually any civil rights litigant could demand depositions of councilpersons, the mayor, and other removed governmental officials. The burden that would place on the leaders themselves and effective government is patent.[29]

The City of Seattle is sued hundreds of times a year in cases involving virtually every conceivable circumstance from tree root damaged sidewalks to eminent domain to employment discrimination. High-ranking city official speak frequently on issues faced by city government, including issues that lead to lawsuits. If a high-ranking official were susceptible to deposition merely by virtue of speaking generally on a particular city issue, such depositions could significantly impact officials' ability to efficiently function as public servants. This Court should quash the subpoena.

**B. To the extent that the plaintiff is proceeding on a "ratification" theory, a councilmember's bare knowledge of a challenged practice is insufficient to prove that the Council actively ratified that challenged practice.**

Given the plaintiff's amended statement of interest in deposing Councilmember Conlin ("legislative knowledge"), the City Defendants anticipate that the plaintiff may be seeking municipal liability under a ratification theory. The plaintiff has alleged that the Council is a relevant policymaker for *Monell* purposes and that the counsel's alleged awareness and acquiescence in "city employee conduct" is "evidence of city policy." He seeks to depose Councilmember Conlin in order to prove that other councilmembers were "aware of the mariners/spd use of the mobile vending ordinances against ticketsellers."

---

[29] Exhibit 4 to Buck Declaration.

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 10

C09-0850 RAJ
3019-030590  600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

To prevail on a ratification theory, the plaintiff must prove "that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette*, 979 F.2d at 1346-1347. As explained, the city council is not a relevant policymaker for law enforcement decisions. There is no rational basis for an argument that Mr. Conlin is the final policymaker for law enforcement. More importantly, "[a] policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." *Christie*, 176 F.3d at 1239. The plaintiff must also prove that the relevant policymaker actually ratified the decision and "the basis" for that decision. *Id.; Christie*, 176 F.3d at 1239.

Even if plaintiff could argue the city council or Councilmember Conlin were final policymakers for the police department there is no evidence of any act that the city council ever undertook to actively ratify the alleged misconduct. For a ratification claim, there "must" be evidence "of a conscious, affirmative choice." *Gillette,* 979 F.2d at 1347. The bare failure to act does not constitute ratification sufficient to prevail under *Monell. Id.* at 1348 ("To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law".). Because the plaintiff's apparent ratification claim is directed at the city council, not an individual policymaker, acts of ratification are simply identified. As previously noted, the city council can act *only* by creating law. No deposition is necessary to find acts of ratification, nor would a deposition lead to admissible evidence of such act that could not be readily ascertained without deposition.

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

### V. **CONCLUSION**

At most, a deposition of Councilmember Conlin will lead to testimony to the effect some councilmembers were aware that some of the City's police officers – over whom the Council has no administrative authority – were enforcing an ordinance outside the organic legislative focus of some councilmembers at the time of the ordinance's enactment. That evidence will be inadmissible under Washington law since legislators cannot opine as to legislative intent. Moreover, that evidence will be of no value because it is irrelevant to a ratification claim. The deposition will at most prove second-hand knowledge of law enforcement activities under an ordinance that has not even been challenged by the plaintiff. Finally, because Councilmember Conlin is a high-ranking City official, he cannot be deposed unless there is a showing that he has "unique personal knowledge" concerning the material facts of the case. The plaintiff can make no such showing.

A deposition under these circumstances would set a dangerous precedent by drastically expanding the access that numerous litigants have to high-ranking officials, and it would do so without any corresponding benefit. This Court should quash the subpoena.

DATED this 17th day of September, 2010.

STAFFORD FREY COOPER


By:  /s/ Ted Buck vi aECF
      Ted Buck, WSBA #22029
      Peter J. Mullenix, WSBA #37171
Attorneys for the City Defendants

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 12

C09-0850 RAJ
3019-030590 600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**Certificate of Service**

I certify that on the date noted below I electronically filed this document entitled MOTION TO QUASH SUBPOENA FOR COUNCILMAN RICHARD CONLIN with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Timothy K. Ford, WSBA No. 5986
    timf@mhb.com
David J. Whedbee, WSBA No. 35977
    davidw@mhb.com
MacDonald Hoague & Bayless
1500 Hoge Building
705 Second Avenue
Seattle, WA 98104-1745
(206) 622-1604
FAX: (206) 343-3961

*Attorneys for Plaintiff*
*William Anderson*

David J. Burman, WSBA No. 10611
    dburman@perkinscoie.com
Ryan T. Mrazik, WSBA No. 40526
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000
FAX: (206) 359-9000

*Attorneys for Defendant*
*Baseball Club of Seattle d/b/a*
*The Seattle Mariners*

Patrick Downs, WSBA No. 25276
    patrick.downs@seattle.gov
Seattle City Attorney's Office
Civil Division, Land Use Section
P.O. Box 94667
Seattle, WA 98124-4667
(206) 684-8616
FAX: (206) 684-8284

*Attorneys for Defendant*
*City of Seattle*

DATED this 17th day of September, 2010, at Seattle, Washington.

/s/ Ted Buck via ECF

MOTION TO QUASH SUBPOENA FOR COUNCIL
PRESIDENT RICHARD CONLIN - 13

C09-0850 RAJ
3019-030590  600458x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885